**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**June 6, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

MICHAEL BAULDWIN,

  Defendant - Appellant.

No. 23-2072
(D.C. No. 1:19-CR-03579-MV-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **BACHARACH**, Circuit Judges.
_____

Defendant Michael Bauldwin was convicted on two counts of an indictment charging that he "knowingly employed, used, persuaded, induced, enticed and coerced Jane Doe, a minor under 18 years of age, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, *using materials that had been shipped and transported in and affecting interstate and foreign commerce by any means . . . ,*" in violation of 18 U.S.C. § 2251(a). Aplt.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

App., Vol. I. at 15–16 (emphasis added). Mr. Bauldwin appeals the convictions, arguing that the evidence presented at his trial was insufficient to prove that he had used materials that had been transported in interstate or foreign commerce. We are not persuaded. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the convictions.

## I.      BACKGROUND

### A.      Factual Background

Mr. Bauldwin began sexually abusing his daughter, Jane Doe, in 2014 or 2015, while they were living in Texas when she was 11 or 12 years old. The abuse continued once or twice a week until July 2019. On December 26, 2018, and February 21, 2019, when Doe was 16 years old, Mr. Bauldwin used his Apple iPad Mini 4 to record videos of Doe performing oral sex on him. Both videos were recorded in Mr. Bauldwin's bedroom in his trailer on Zuni Road in Albuquerque.

The abuse came to light in July 2019 when a neighbor borrowed Mr. Bauldwin's iPad and discovered the videos in the "hidden" or "deleted" folder on the device. The neighbor recognized Doe by her appearance and recognized Mr. Bauldwin by his voice in the February 2019 video; and, believing Doe to be underage, he called 911 to report what he had seen.

Police responded, took custody of the iPad, and interviewed Mr. Bauldwin—who waived his *Miranda* rights—at his trailer. Mr. Bauldwin admitted to using the iPad to record the two videos, said he felt ashamed about it, and acknowledged having a problem that he was trying to get control over. He told the detective that the

last time he had abused Doe was in the February 2019 video. A forensic analysis of the iPad provided additional evidence that Mr. Bauldwin controlled the device and used it to create the videos, including that the device was named "Michael's iPad," that location data corroborated the videos were recorded at or near Mr. Bauldwin's Zuni Road address, and that the dates and times the files were recorded matched when they were created on the iPad.

### B.     Procedural Background

Mr. Bauldwin was indicted on two counts of violating 18 U.S.C. § 2251(a) by producing a visual depiction of a minor engaging in sexually explicit conduct. The counts were based on the two videos showing Doe performing oral sex on Mr. Bauldwin.

The iPad was introduced into evidence at trial. An inscription on the back of the device stated, "Designed by Apple in California, Assembled in China." Aplt. App., Vol. II at 332. Mr. Bauldwin stipulated to the authenticity of the inscription. At the close of evidence, defense counsel moved for judgment of acquittal, stating simply that "the Government has failed to present sufficient proof as to each element from which a reasonable jury could conclude beyond a reasonable doubt that Mr. Bauldwin is guilty of the two charges against him." Aplt. App., Vol. II at 288.

### II.     DISCUSSION

When assessing a defendant's challenge to the sufficiency of the evidence, we "review the record de novo to determine whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt." *United States v. Wood*,

207 F.3d 1222, 1228 (10th Cir. 2000). We consider both direct and circumstantial evidence. *See United States v. Grissom*, 44 F.3d 1507, 1510 (10th Cir. 1995).

The indictment tracks the language of 18 U.S.C. § 2251(a), which requires that the sexually explicit video of the minor be "produced . . . using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer." Mr. Bauldwin argues that to satisfy this requirement the prosecution needed to present specific evidence of how the iPad created the video files at issue, which components of the iPad were involved in that production, and how each of those specific parts traveled in interstate or foreign commerce. In response the government states that it was undisputed that (1) the entire iPad (not just certain parts) was designed in California and assembled in China, and (2) Bauldwin used that iPad to record the two videos in Albuquerque. Therefore, whatever produced the video—say, the camera and internal memory—must have traveled to New Mexico from China.

We agree with the government's commonsense argument. We need not know precisely what components of the iPad were involved in producing the video because the entire iPad was involved in foreign commerce (from China) and perhaps some interstate commerce within the United States as well.

Mr. Bauldwin's contrary argument misreads the precedent of this court. In *United States v. Wilson*, 182 F.3d 737, 740 (10th Cir. 1999), the defendant was convicted under 18 U.S.C. § 2252 (a)(4)(B), which prohibits the knowing possession of a visual depiction of a minor engaging in sexually explicit conduct that "was

Page **4**

produced using materials which have been . . . transported [in interstate or foreign commerce]," based on his possession of diskettes containing such visual depictions. We reversed the conviction for lack of sufficient evidence that the diskettes were used to produce the visual depictions. *See id.* at 742–44; *see also United States v. Schene*, 543 F.3d 627, 636–39 (10th Cir. 2008) (reaffirming *Wilson*). All *Wilson* stands for is that even if a device has moved in interstate or foreign commerce, the government must still prove that the device was used to produce the prohibited visual depiction.

In this case, in contrast, there is no dispute that the videos of Jane Doe were produced by Mr. Bauldwin's iPad—he admitted that, and the admission was confirmed by forensic evidence. We can conceive of no reason to require the government to establish the precise process by which various components in the iPad produce a video. Mr. Bauldwin has suggested no limiting principle for such a requirement. How much detail would be necessary? For example, would it be sufficient to explain the function of a camera producing the video, or would the government need to explain how each component of the camera performs its task? In any event, Mr. Bauldwin has not cited to us any authority imposing such a requirement, and we know of none. We are satisfied that it was enough for the government to establish that the video was produced by the iPad considered as one device.

Mr. Bauldwin also seems to be challenging the sufficiency of evidence that the iPad had moved in interstate or foreign commerce. But the trade inscription on the

iPad states that it was assembled in China, so it had to have moved in interstate or foreign commerce to arrive in New Mexico. Absent any evidence to the contrary, the jury could properly credit the inscription as accurate. *See United States v. Gilbreath*, No. 21-5550, 2022 WL 819733, at *5 (6th Cir. Mar. 18, 2022) (relying on *United States v. Lively*, 852 F.3d 549, 564–65 (6th Cir. 2017), for proposition that "it is enough to simply introduce into evidence a device with a trade inscription to show that it travelled in interstate or foreign commerce."); *Asalde v. First Class Parking Sys. LLC*, 898 F.3d 1136, 1143 (11th Cir. 2018) ("A label or inscription reflecting an item's place of manufacture is admissible evidence and generally suffices to support a jury finding as to origin, as all courts reaching the question seem to agree."); *United States v. Burdulis*, 753 F.3d 255, 263–64 (1st Cir. 2014) (stating that trade inscription is self-authenticating and probative and that if it is hearsay, it is admissible under the residual exception to the hearsay rule, Fed. R. Evid. 807).

### III.   CONCLUSION

We **AFFIRM** Mr. Bauldwin's convictions and the judgment below.

Entered for the Court

Harris L Hartz
Circuit Judge

Page **6**